Nancy R. MORRISON, Appellee,

v.

STATE of Oklahoma, ex rel. OKLA-
HOMA EMPLOYMENT SECURITY
COMMISSION, Appellant.

No. 66341.

Supreme Court of Oklahoma.

Dec. 16, 1987.

James D. Stevens, Asst. Gen. Counsel, Oklahoma Employment Security Com'n, Oklahoma City, for appellant.

Alvin R. Leonard, Oklahoma City, for appellee.

ALMA WILSON, Justice:

The two questions presented are (1) whether the district court has jurisdiction to issue a garnishment against unemployment compensation for unpaid or accrued child support; and (2) whether a sucessful litigant is entitled to attorney fees in a garnishment action against the State. We find that the district court has jurisdiction to issue such a garnishment, but that the litigant is not entitled to an award of attorney fees against the State.

On January 29, 1986, Nancy R. Morrison, the appellee, obtained an order for continuing garnishment for child support against the Oklahoma Employment Security Commission, the appellant, seeking to obtain part of the unemployment insurance benefit payable to her ex-husband, Elmo Michael Finnigan. The appellant filed an objection to the court's payment order in its answer to the garnishment summons and cited 40 O.S.Supp.1986, § 2–801 (1982 Okla.Sess.Laws, ch. 304, § 18, operative Oct. 1, 1982) as its authority that only the Department of Human Services (DHS) is authorized to take such a garnishment of child support deductions from unemployment insurance benefits.

Title 40 O.S.Supp.1986, § 2–303 (1982 Okla.Sess.Laws, ch. 304, § 5) provides:

> No assignment, pledge, or encumbrance of any right to benefits which are or may become due or payable under the Employment Security Act shall be valid. All such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt. Benefits received by an individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts except those incurred for necessaries furnished to such individual or his spouse, or dependents, including child support obligations pursuant to Section 18 [§ 2–801] of this act, during the time when such individual was unemployed. No waiver of any exemption provided for in this section shall be valid.

This statute allows only one exception for the collection of a debt against unemployment compensation, and that is for necessaries furnished to the individual, his spouse, or dependents. Necessaries furnished to dependents include child support obligations pursuant to § 2–801. Subsection C of § 2–801 states that any amount deducted and withheld under Subsection B of § 2–801 shall be paid to the appropriate state or local child support enforcement agency. That agency is the DHS. 56 O.S. Supp.1986, § 237. Title 40 O.S.Supp.1986, § 2–801 does not grant authority to the Employment Security Commission to pay child support obligations to an individual, but only to the DHS.

Title 12 O.S.Supp.1986, § 1171.2(A) (1985 Okla.Sess.Laws, ch. 297, § 11, operative Oct. 1, 1985) provides that any person awarded custody of and support for a minor child by the district court shall be entitled to proceed to collect any current child support and child support due and owing through income assignment or garnishment. Subsection B of that statute provides for the percentage of the aggregate disposable earnings of any person for any workweek which is subject to garnishment or income assignment for the support of a minor child. Title 12 O.S.Supp.1986, § 1170(3) provides:

> 'Income' or 'earnings' means any form of periodic payment to an individual regardless of source including but not limited to wages, salary, commission, compensation as an independent contractor, workers' compensation, disability, annuity and retirement benefits, and any other payments made by any person, private entity, federal or state government, any unit of local government, school district, or any entity created by law....

1985 Okla.Sess.Laws, ch. 297, § 10, operative Oct. 1, 1985, and now amended by 1986 Okla.Sess.Laws, ch. 176, § 1, without change to the definition of income in subsection 3. The definition of income certainly includes unemployment compensation, because the legislature clearly intended to reach every source of income with such a broad definition. The remaining question is whether 40 O.S.Supp.1986, § 2–303 precludes garnishment for child support obligations by an individual through the district court.

Title 12 O.S.Supp.1986, § 1171.2(A) provides for two methods to obtain child support payments, through income assignment or through garnishment proceedings. Section 1171.2 is part of House Bill (1209), passed in 1985, which includes 56 O.S.Supp. 1986, § 240.1(A), and which provided that any person entitled to receive child support may apply to DHS to initiate proceedings to effectuate an income assignment. *See* 1985 Okla.Sess.Laws, Ch. 297, §§ 11, 23. The appellee could have gone through the Department of Human Services instead of using a private attorney and going through district court. A comparison of the three statutes, 40 O.S.Supp.1986, § 2–801, 12 O.S.Supp.1986, § 1171.2, and 56 O.S.Supp. 1986, § 240.1 leads us to conclude that the Employment Security Act does not preclude garnishment initiated through the district court. House Bill 1209 became effective on October 1, 1985, and is a more recent legislation than 40 O.S.Supp.1986, § 2–303 which became effective in October 1, 1982. Section 2–303 allows the collection of a debt incurred for necessaries for a dependent of the party receiving unemploy-

ment compensation, and includes collection of child support obligations by the DHS. If child support is included in the necessaries which can be collected from unemployment compensation, we see nothing in the statute to prohibit the collection process to originate in district court instead of through the DHS. As we noted earlier, Title 12 would allow the appellee to use either the court or DHS. Furthermore, final orders of the DHS in income assignment cases are appealable to the district court. *See* 56 O.S.Supp. 1986, § 240.3 (1985 Okla.Sess.Laws, ch. 297, § 25). We therefore hold that the district court has concurrent jurisdiction with the DHS to collect child support obligations against unemployment compensation pursuant to the statutes cited in Titles 12 and 56.

■ The trial court denied the motion of Morrison for attorney fees against the Oklahoma Employment Security Commission (OESC). Morrison argues in her counter-appeal that where a garnishee engages in a contest as to any issue, the successful party is granted costs and fees. She cites 12 O.S.1981, § 1190(A) which provides:

> In case of the trial of any issue between the plaintiff and any garnishee, costs shall be awarded to the plaintiff and against the garnishee, in addition to his liability, if the plaintiff recovered more than the garnishee admitted by his answer; and if he does not, the garnishee shall recover costs of the plaintiff. The costs shall include a reasonable attorney's fee to be taxed in favor of the prevailing party.

(Amended 1986 Okla.Sess.Laws, ch. 185, § 10, now codified as 12 O.S.Supp.1986, § 1190[B][1].) The OESC answers that 12 O.S.1981, § 1194 immunizes the State from liability with respect to monetary recovery by a garnishor. That statute provides:

> No judgment shall be rendered against the state, or any county, city, town, board of education, school board or any municipal subdivision of the state named as garnishee, but judgment may be rendered against any person served as provided under 12 O.S.1961, § 1193, who

shall fail, neglect or refuse to answer garnishment summons.

The journal entry of August 20, 1986, reflects that the parties agreed that a reasonable attorney's fee for Morrison in her successful efforts to prevail over the OESC was $300.00, but the trial court concluded that it was restrained by § 1194 from awarding an attorney's fee to Morrison. We agree. Although 12 O.S.1981, § 1190(A) is a more recent statute, it is also a general statute, where 12 O.S.1981, § 1194 is a specific statute. If the legislature had intended to amend the law concerning State liability for money judgments, it easily could have when it amended § 1190(A). Although this causes a hardship to litigants who must prosecute a garnishment action against a State agency, a contest by a State agency precludes an award of attorney fees. Any remedy to this inequity must come from the legislature.

AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

OPALA, J., dissents.